******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

IN RE ELIANAH T.-T. ET AL.
(SC 19902)

The motion of the petitioner-appellee, filed August 23, 2017, for reconsideration, having been presented to the court, it is hereby ordered granted, but the relief requested is denied.

October 18, 2017

ROBINSON, J. Following the release of our decision in *In re Elianah T.-T.*, 326 Conn. 614, 165 A.3d 1236 (2017),[1] in which this court concluded that General Statutes § 17a-10 (c) did not authorize the petitioner, the Commissioner of Children and Families (commissioner), to vaccinate a child placed in her temporary custody over the objection of that child's parents, the commissioner moved for reconsideration pursuant to Practice Book § 71-5. In this motion for reconsideration, the commissioner states that, in briefing this case, she should have claimed that General Statutes § 17a-10 (c) should be interpreted in the context of General Statutes §§ 17a-93 and 17a-98. Specifically, the commissioner contends that the operation of General Statutes § 17a-10 (c) is limited to custody over juveniles who have been adjudicated delinquent, and that General Statutes §§ 17a-93 and 17a-98 confer broader guardianship authority that permits her to vaccinate minor children in her custody. The commissioner candidly acknowledges that she did not advance her arguments concerning the effect of General Statutes §§ 17a-93 and 17a-98 until the filing of this motion for reconsideration. As this argument was not previously advanced to this court, we grant the motion for reconsideration, but deny the relief requested.

It is well settled that a motion for reconsideration is intended "to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It may also be used to address . . . claims of law that the [movant] claimed were not addressed by the court. . . . [A] *motion to reargue [however] is not to be used as an opportunity to have a second bite of the apple* . . . ." (Emphasis added.) *Hudson Valley Bank* v. *Kissel*, 303 Conn. 614, 624, 35 A.3d 260 (2012); see also, e.g., *Morrissey-Manter* v. *Saint Francis Hospital & Medical Center*, 166 Conn. App. 510, 527, 142 A.3d 363 ("appellate courts will treat as abandoned claims that are not briefed adequately"), cert. denied, 323 Conn. 924, 149 A.3d 982 (2016).

The commissioner, however, relies on *Blumberg Associates Worldwide, Inc.* v. *Brown & Brown of Connecticut, Inc.*, 311 Conn. 123, 163 n.35, 84 A.3d 840 (2014), for relief, citing that case for the proposition

that this court may raise an issue sua sponte "when the parties have misconstrued or overlooked the applicable law and the failure to raise the issue would result in the creation of unsound or questionable precedent or an inconsistency in the law." Beyond the fact that reliance on *Blumberg Associates Worldwide, Inc.*, at this late stage of appellate proceedings would require us to consider any prejudice to the respondents, Giordan T. and Nicanol T.; see id., 163; we emphasize that our "system [remains] an adversarial one in which the burden ordinarily is on the parties to frame the issues, and the presumption is that issues not raised by the parties are deemed waived." Id., 164. In short, although a motion for reconsideration may be appropriate when a party contends that the court did not address one or more of its arguments or that there has been some mistake in the opinion, it is not proper to use such a motion simply as a means for giving the losing party a second chance to try a new argument.

We recognize the public interest that attends the commissioner's request that we consider the import of §§ 17a-93 and 17a-98, including the attendant constitutional questions that Chief Justice Rogers identifies in her concurring opinion. Accordingly, our denial of the relief requested in the commissioner's motion for reconsideration should not be taken to prejudice our consideration of those statutory arguments in any way, should those arguments be raised in a subsequent case before this court.

In this opinion the other justices concurred.

[1] We note that the listing of justices set forth in this court's decision in *In re Elianah T.-T.*, supra, 326 Conn. 614, which reflected seniority status on this court as of the date of oral argument, remains unchanged for the purpose of considering this motion.